By the Court.
Duer, J.
It was insisted by the counsel for the plaintiff, that although the R. S. have abolished the distinction between the whole and the half blood, so as to render the latter capable of inheriting, they have not abolished the rule of the common law, which declares that when the intestate was the first purchaser of the inheritance, relatives on the side of the father shall be first entitled to take, so as to exclude those on the side of the mother, until the blood of the father shall be wholly exhausted. The counsel enforced this position with much ingenuity and learning; but it is difficult to be reconciled with the terms of the statute, and, in our judgment, is plainly inconsistent with its intent and spirit.
It would be a sufficient reply to the argument of the counsel to say that, admitting the rule of the common law upon which he insisted to be still in force, it could never be applied .in a case like the present. It was only applicable when the descent, from the want of nearer relatives, could only pass to collaterals on the side of the father or mother, and when, consequently, those only could be entitled to take who were able to trace their descent from a common ancestor. But as between brothers and *422 sisters it is settled law, that the descent is not necessary to be traced from a common ancestor, but is immediate, in the same sense, as that from a father to a son, and, in an elaborate judgment, the court of appeals has recently determined that this doctrine is not confined to.brothers and sisters, but extends to and embraces their descendants (McGregor v. Comstock, 3 Cow. 408).
The words “ relatives of the half blood shall inherit equally with those of the whole blood in the same degree,” in § 15 of the statute, plainly mean, that such relatives shall inherit precisely as they would have done had they been of the whole blood ; nor can it be doubted, that they must be applied, in this sense, to every case of descent, for which the preceding sections in the statute were meant to provide.
Apply them thus construed to § 8, which declares that “ if all the brothers and sisters of the intestate be living, the inheritance shall descend to such brothers and sisters. If any of them be living ; and if any of them be dead, then to the brothers and sisters and every of them who are living, and to the descendants of such as shall have died, &c., &c.,” and it is at once seen, that the argument which has been addressed to us needs no further reply. In all cases of a newly purchased inheritance that can arise under § 8, all brothers and sisters and their descendants of the half blood are to take as relatives of the whole blood.
We have said, that the rule of the common law, which gives a preference to the blood of the father in the descent of a newly purchased inheritance, applies only where there are relatives on the side both of the father and mother, and it merits observation, that in the only case of that kind, for which our statute provides, that of the brothers and sisters of the father and. mother of the intestate, and their descendants, this rule of the common law is expressly abolished (1 R. S. p. 753, § 13). It would be absurd to suppose that while in all cases under the section referred to, relatives of the half blood of the mother would be entitled to take, there can be any in which the nearest relatives of the half blood of the intestate himself were meant to be excluded. The effect of such a construction might be to give the whole inheritance to a second or third cousin of *423 the half blood, to the exclusion of a brother or sister ; an effect which it is impossible to believe could have been intended by the legislature.
The provisions of the statute are not incongruous, but entirely consistent. In respect to brothers and sisters of the father and mother of the half blood, the rule of the common law was necessary to be abolished, since otherwise it would certainly have applied.
In respect to brothers and sisters of the half blood of the intestate, its abolition was unnecessary, since by removing the disability of the half blood it ceased to be applicable.
It may be true that, in those cases of descent, for which our statute has omitted to provide, the rigid and technical rule, that we have been urged to follow, retains all its authority, and it may also be true that, in these cases, the common law incapacity of the half blood, has not been removed; but these are questions that do not properly arise in the case, and we shall therefore decline to answer them.
The judgment at special term confirming the report of the ¡referee is affirmed, with costs.